UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL CAFFREY,

        Plaintiff,

v.                                                             Case No.  8:23-cv-1855-SPF

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Procedural Background

Plaintiff filed an application for a period of disability and DIB (Tr. 188–94).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 59–95).  Plaintiff then requested an administrative hearing (Tr. 96–97).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 32–58).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 17–26).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6).

Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1969, claimed disability beginning March 20, 2020 (Tr. 188). Plaintiff completed a high school education and vocational on-the-job training as an electrician (Tr. 231). Plaintiff's past relevant work experience included work as an electrician, handyman, and maintenance repair man (Tr. 24). Plaintiff alleged disability due to shoulder issues, knee issues, hip issues, and arthritis (Tr. 59).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2025 and had not engaged in substantial gainful activity since March 20, 2020, the alleged onset date (Tr. 19). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: right shoulder rotator cuff tear, impingement and arthritis status post-surgery; and left shoulder rotator cuff tear, impingement status post-surgery (Tr. 20). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*). The ALJ then concluded that Plaintiff retained the following residual functional capacity ("RFC"):

> [Plaintiff can] lift and carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk about 6 hours and sit about 6 hours with normal and customary breaks in an 8-hour workday. The claimant can occasionally climb ladders, cannot climb ropes and scaffolds, can frequently climb ramps and stairs, can frequently stoop and crouch, and

can occasionally kneel and crawl. The claimant can frequently reach bilaterally but only occasionally overhead. The claimant can frequently handle bilaterally. The claimant should avoid concentrated exposure to extreme cold and use of hazardous industrial machinery.

(Tr. 21).   In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 22).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 24).  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a merchandise marker, mail sorter, and routing clerk (Tr. 25).   Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 26).

### III.    Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological

3

abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.    Analysis

Plaintiff argues that the ALJ erred by failing to resolve apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). As set forth above, the ALJ included a limitation in Plaintiff's RFC that he can only occasionally reach overhead, and the VE testified that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of merchandise marker, mail sorter, and routing clerk (Tr. 21, 25, 55–58). According to the DOT, however, each of these jobs

requires frequent reaching, which it defines as "extending hand(s) and arm(s) in any direction." DOT Selected Characteristics, Appendix C-3. As a result, Plaintiff argues, there is an apparent conflict between the DOT's descriptions of these jobs and the VE's testimony that a hypothetical individual with Plaintiff's RFC could perform these jobs.

An ALJ has an affirmative obligation to identify and resolve "apparent conflicts" between the VE testimony and the DOT, otherwise the ALJ's decision is not supported by substantial evidence. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). Social Security Ruling 00-4p explains:

> When vocational evidence provided by a VE or [vocational specialist ("VS")] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

2000 WL 1898704, at *4.[1] This means it is not enough for the ALJ to simply ask the VE if there is an apparent conflict; the ALJ must make a "meaningful investigatory effort" to identify or uncover any *apparent* conflicts, explain, and resolve them. *Washington*, 906 F.3d at 1364. The court in *Washington* goes on to explain "apparent" means that conflict is

---

[1] Social Security Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same. *Heckler v. Edwards*, 465 U.S. 870, 874 n.3 (1984); *see also Dickson v. Comm'r of Soc. Sec.*, No. 5:13-cv-48-OC-DNF, 2014 WL 582885, *4 (M.D. Fla. Feb. 13, 2014) (quoting *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010)) ("Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference...").

"reasonably ascertainable or evident" and "seemingly real or true, but not necessarily so."
*Id.* at 1366 (citation omitted).

Here, the VE testified that a hypothetical individual with Plaintiff's RFC—including the limitation to only occasional overhead reaching—could perform the positions of merchandise marker, mail sorter, and routing clerk (Tr. 55–56). The ALJ and the VE then had the following exchange:

> Q.    Okay. Do any of those jobs require more than occasional – or more than frequent reaching and handling, bilaterally?
>
> A.    No.
>
> Q.    But they require frequent?
>
> A.    Yes.
>
> Q.    Okay. And your statement regarding only occasional overhead reaching as opposed to frequent other reaching, what's that based upon?
>
> A.    My education, training, knowledge, and experience attending professional meetings and discussing these trends with colleagues.

(Tr. 56–57). In his decision, the ALJ explained that, pursuant to SSR 00-4p, he "determined that the vocational expert's testimony is consistent with the information contained in the [DOT]; however, the plane of reaching . . . [is] not addressed in the [DOT] and the vocational expert's testimony was based upon her professional education, experience, and training." (Tr. 25). The ALJ then concluded that the VE's testimony was reliable (*Id.*).

As an initial matter, the Court is not convinced that there is an apparent conflict between the limitation to occasional overhead reaching and the DOT descriptions that

7

these jobs require frequent reaching.  As the ALJ noted, the DOT is silent on the plane of reaching required for these positions.  *See Christmas v. Comm'r of Soc. Sec.*, 791 F. App'x 854, 857 (11th Cir. 2019) (noting that *Washington* does "not require the ALJ to draw inferences about job requirements that are unsupported by the DOT's text and then resolve conflicts between the VE's testimony and those unsupported inferences").  Indeed, in identical circumstances, many courts in the Eleventh Circuit have held that no apparent conflict exists.  *See Hall v. Comm'r of Soc. Sec.*, No. 3:23-cv-1141-DNF, 2024 WL 3385452, at *7 (M.D. Fla. July 12, 2024) ("As a result, there is no conflict between the DOT requirements for these jobs and the [VE's] testimony because the DOT does not specify the type of reaching, such as overhead reaching."); *Sumlin v. Saul*, No. 8:19-cv-3126-T-30AAS, 2020 WL 7232240, at *9–10 (M.D. Fla. Nov. 23, 2020) (holding that no apparent conflict exists between limitation to occasional overhead reaching and job requiring frequent reaching because "the DOT's silence on a job requirement or limitation does not suggest the existence of a conflict between the DOT and the VE's testimony; rather, it indicates the absence of a conflict") (quotations omitted), *report and recommendation adopted*, 2020 WL 7229746 (Dec. 8, 2020); *Bennett v. Comm'r of Soc. Sec.*, No. 2:17-cv-582-FtM-MRM, 2019 WL 410271, at *8 (M.D. Fla. Feb. 1, 2019) (finding no apparent conflict because, although claimant's RFC had limitation of no overhead reaching, DOT was silent on overhead reaching as to jobs at issue); *Ledkins v. Berryhill*, No. 1:18-cv-11-B, 2019 WL 1294006 (S.D. Ala. Mar. 21, 2019) ("Plaintiff is incorrect, however, that the general requirement of reaching, whether performed frequently or constantly, creates an apparent conflict with the RFC's restriction to occasional *overhead* reaching.") (emphasis in

8

original); *Melton v. Comm'r of Soc. Sec.*, No. 2:17-cv-14335-SMM, 2018 WL 4658199, at *2–3 (S.D. Fla. Sept. 27, 2018) (finding no "apparent unresolved conflict" between the VE's testimony that a person with Plaintiff's RFC for only occasional overhead reaching could perform jobs requiring frequent reaching and the DOT, as the DOT job listings are silent about overhead reaching); *but see Evans-Sweny v. Comm'r of Soc. Sec.*, No. 2:18-cv-56-FtM-DNF, 2019 WL 949302, at *6–7 (M.D. Fla. Feb. 27, 2019) (rejecting Commissioner's argument that no apparent conflict existed between VE's testimony and the DOT where VE opined that that hypothetical individual limited to "no overhead reaching" could perform jobs that require "frequent reaching" because reaching "in any direction" encompasses reaching overhead).

Even assuming that an apparent conflict exists, however, the Court finds that the ALJ adequately resolved this apparent conflict by questioning the VE about how she came to the conclusion that these jobs only require "only occasional overhead reaching as opposed to frequent other reaching," thereby eliciting the response that she knew that based on her "education, training, knowledge, and experience attending professional meetings and discussing these trends with colleagues." (Tr. 57). *See Jackson v. Kijakazi*, No. 1:21-cv-315-N, 2022 WL 4589165, at *11 (S.D. Ala. Sept. 29, 2022) (stating that, to the extent there was an apparent conflict between the limitation to occasionally performing overhead work and DOT requirement of frequent reaching, the ALJ resolved the apparent conflict by obtaining an explanation from the VE, who stated that "overhead reaching is not specified in the DOT and certainly, that did require me to use my training, education, and experience"); *Hall*, 2024 WL 3385452, at *7 ("Even if a conflict existed,

the [VE's] testimony clarified that these jobs do not require more than occasional overhead reaching."); *Rae v. Saul*, No. 8:19-cv-2987-T-TGW, 2021 WL 211269, at *8 (M.D. Fla. Jan. 21, 2021) (finding ALJ to have adequately resolved apparent conflict by eliciting similar testimony from the VE).   While this exchange between the ALJ and VE could have been articulated more clearly, the ALJ was seemingly aware that the DOT did not specifically address overhead reaching, and asked the VE to explain how she reached the conclusion that these jobs do not require more than occasional overhead reaching.

In his Reply, Plaintiff emphasizes his argument that the ALJ erred by failing to ask the VE the threshold question of whether her testimony conflicted with the DOT. *See Washington*, 906 F.3d at 1363 (explaining that "the ALJ must first 'Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT'; and second, if 'the VE's or VS's evidence appears to conflict with the DOT' the ALJ must 'obtain a reasonable explanation for the apparent conflict'") (quoting SSR 00-4p, 2000 WL 1898704, at *4) (emphasis omitted).   But Plaintiff cites no authority for the proposition that this is an error necessarily requiring remand, particularly where the ALJ has otherwise resolved the apparent conflict.[2]

An ALJ's error is harmless when there is no outstanding conflict and remand would be a waste of judicial resources.  *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error rule in a social security case); *Bowles v. Kijakazi*, No.

---

[2] Plaintiff does cite *Sumlin*, 2020 WL 7232240, at *9–10, for the proposition that an ALJ's failure to make the required inquiry in the first place is a "clear error requiring remand." While *Sumlin* does reference an ALJ's "general duty to ask about possible conflicts," it does not otherwise support Plaintiff's position.

1:20-cv-24942-PCH, 2022 WL 3133982, at *5 (S.D. Fla. Aug. 5, 2022) (stating that "an ALJ's error is harmless when the record demonstrates that there is no outstanding conflict and any remand would be a waste of judicial resources"). Here, the Court finds that the ALJ's failure to question the VE about whether her testimony was consistent with the DOT was a harmless error because no apparent conflict exits, and even if one did, the ALJ resolved it. Thus, there is no outstanding conflict to resolve and remand would be a waste of judicial resources. *See also Zoslow v. Comm'r of Soc. Sec.*, 778 F. App'x 762, 765 (11th Cir. 2019) (holding that ALJ's failure to address conflict in his decision was harmless, where ALJ acknowledged conflict and resolved it in his colloquy with the VE).

Finally, Plaintiff takes issue with any reliance on "*the ALJ's lay assessment* that there was no conflict to resolve in the first place" (Doc. 23 at 3) (emphasis in original). Yet in imposing an independent obligation on ALJs to identify and resolve apparent conflicts, the *Washington* Court specifically emphasized ALJs' familiarity with the DOT as giving "further meaning" to its interpretation of SSR 00-4p:

> We add that, given the DOT's significance as a source of jobs data regularly relied on by the ALJ, it seems to us quite likely that the ALJs are familiar with and have ready access to it. This seems especially likely since the Social Security Administration requires the ALJs to take administrative notice of the DOT. Any apparent conflict, then, between the VE's testimony and DOT data is likely not something the ALJ will need much help in identifying. Nor does it seem consistent with the DOT's status as a primary source of jobs data that an ALJ could discharge his duty to gather the facts and develop arguments on both sides of a claim by simply taking a VE at his word that there is no conflict. An "apparent conflict" is thus more than just a conflict that is made apparent by the express testimony of the VE. It is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case. Since the ALJs frequently use the DOT, treat

> it as an authoritative source, and actively investigate the evidence for and against granting disability benefits, identifying these "apparent conflicts" falls well within their wheelhouse.

906 F.3d at 1365.  Thus, in order to fulfil their obligation to resolve apparent conflicts, ALJs are expected to be familiar with the DOT.  And while the ALJ should have initially confirmed that the VE's testimony was consistent with the DOT, this error is harmless where the ALJ nonetheless identified the supposed apparent conflict and resolved it.

### V.   Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on September 9, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE